# EXHIBIT A

## Wayne County Circuit Court Complaint, Case No. 22-003683-CB

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>COUNTY OF WAYNE | VERIFICATION OF<br>BUSINESS COURT ELIGIBILITY<br>AND NOTICE OF ASSIGNMENT | CASE NO.<br>22-003683-CB |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s)<br>Charmed Entertainment, LLC,<br><br>c/o Plaintiff's attorney | v | Defendant(s)<br>PrimeOne Insurance Company |
|---|---|---|

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2) and MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O), MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

[*Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)*]

1. **Parties.** This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

   ☑ all of the parties are business enterprises

   ☐ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

   ☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

   ☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

**AND**

2. **Actions.** This business or commercial action as defined by *MCL 600.8031(2)* involves,

   ☐ information technology, software, or website development, maintenance, or hosting

   ☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

   ☐ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

   ☐ commercial transaction, including commercial bank transactions

   ☑ business or commercial insurance policies

   ☐ commercial real property

   ☐ other type of business or commercial dispute (explain):

03/28/2022
Date

/s/ Stuart A. Sklar
Signature

Stuart A. Sklar
Name (type or print)

P38146
Bar no.

22-003683-CB FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 3/29/2022 2:23 PM Carlita McMiller

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHARMED ENTERTAINMENT, LLC,
A Michigan corp.,

                    Plaintiff,

vs.

PRIMEONE INSURANCE COMPANY,
A foreign corp.

                    Defendant.
_____/

Case No. 22-003683- CB
Hon. Edward Ewell Jr.

Stuart A. Sklar (P38146)
**Fabian, Sklar, King & Liss, P.C.**
Attorneys for Plaintiffs
33450 W. Twelve Mile Road
Farmington Hills, MI 48331
(248) 553-2000
ssklar@fabiansklar.com
_____/

**There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.**

**Pursuant to MCR 2.112(O), Plaintiff verifies this case meets the statutory requirements of MCL 600.8031(c)(i) and MCL 600.8031(2)(f) to be assigned to the Business Court, since all parties are business enterprises and the dispute arises out of a commercial insurance policy.**

## COMPLAINT

NOW COMES Plaintiff, CHARMED ENTERTAINMENT, LLC, by and through its attorneys, FABIAN, SKLAR, KING & LISS, P.C., and for its Complaint against Defendant, PRIMEONE INSURANCE COMPANY, states unto this Honorable Court as follows:

1. Plaintiff, CHARMED ENTERTAINMENT, LLC, is a Michigan corporation whose principal place of business is located in the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, PRIMEONE INSURANCE COMPANY, is a foreign corporation licensed to conduct business in the State of Michigan, which is conducting business in the County of Wayne.

3. The amount in controversy between the parties exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs and interest.

4. The Court has jurisdiction over the parties and this matter, and venue is proper.

5. At all relevant times, Plaintiff was the named insured or otherwise entitled to insurance benefits pursuant to policy no. PPK3002078-20, issued by Defendant, a copy of which is in Defendant's possession, which insured Plaintiff's building, business personal property and business (including business income and extra expenses) located at 403 S. Dix St., Detroit, Michigan against all risks of direct physical loss of or damage to covered property unless expressly excluded.

6. On or about March 19, 2020, while Defendant's policy was in full force and effect, Plaintiff's insured building and contents were damaged by fire, and Plaintiff has sustained loss of business income.

7. Plaintiff timely notified defendant that Plaintiff had suffered the losses set forth above.

8. Pursuant to the terms of the Policy, Plaintiff delivered to Defendant satisfactory proof of the amount of loss, setting forth its evaluation of the damage to its covered property.

9. Plaintiff fully cooperated with Defendant's investigation.

10. Consistent with MCL 500.2833(1)(p) and MCL 500.2836(2), Defendant's policy of insurance states that a loss is payable within 30 days after receipt of proof of amount of loss.

11. On or about August 21, 2021, Defendant wrongfully denied coverage for Plaintiff's claim thereby materially breaching the party's insurance contract.

12. As a direct and proximate result of Defendant's breach of the parties' insurance contract, Defendant remains indebted to Plaintiff for its insured losses, and for its incidental and consequential damages that were in the contemplation of the parties at the time the contract was made, or which are the natural and usual consequences of a breach of a policy of commercial property insurance.

13. Under Michigan's Insurance Code, specifically MCL 500.2833(1)(m), in the event of a dispute regarding the amount of the loss under a property insurance policy, such as Plaintiff's policy with Defendant, upon the request of either the insurer or the insured, the parties are required to submit such dispute to appraisal, which determination by the appraisers and umpire is conclusive and binding as to the amount of loss.

14. Pursuant to MCL 500.2833(1)(m) and the parties' insurance contract, Plaintiff demands that the amount of loss and the actual cash value be set by appraisal if the parties fail to agree on those amounts.

15. MCL 500.2006 provides for the addition of 12 % interest on claims where the Defendant insurer has failed to make payment of the claim within 60 days of receiving satisfactory proof of loss.

16. Pursuant to MCL 500.2006, Plaintiff is entitled to 12% interest on all amounts paid or owing under the subject policy of insurance that Defendant failed to timely pay.

WHEREFORE Plaintiff, CHARMED ENTERTAINMENT, INC., respectfully request this Honorable Court to enter a judgment in its favor and against Defendant, PRIMEONE INSURANCE COMPANY, providing as follows:

A. that a judgment of liability under the policy of insurance for the loss and damage caused by or resulting from the March 19, 2020 loss be entered in Plaintiff's favor and against Defendant;

B. that the amount of loss shall be determined by Appraisal;

C. that a judgment be entered for Plaintiff and against Defendant in the amount of the appraisal award;

D. that the judgment award all incidental and consequential damages incurred by Plaintiff that were in the contemplation of the parties at the time the contract was made, or which are the natural and foreseeable consequence of a breach of a property insurance contract;

F. that Plaintiff be awarded statutory interest, taxable costs and attorney fees to which it may be entitled;

G. that the judgment award such other relief as the Court deems just in equity and good conscience.

Respectfully submitted,

FABIAN, SKLAR, KING & LISS, P.C.

/s/ Stuart A. Sklar
_____
Stuart A. Sklar (P38146)
Attorney for Plaintiffs
ssklar@fabiansklar.com

Dated: March 28, 2022

4